THE PEOPLE, ex rel. WILLIAM MURRAY et al., Trustees, etc., Appellants, *v.* JOHN McCLAVE, Treasurer, etc., Respondent.

The police relief fund, created by the act of 1885 (Chap. 486, Laws of 1885), was intended to be a voluntary fund, and contributions thereto may not be compelled by deductions from the pay of a member of the police force of a city affected by the act, against his will.

(Argued April 27, 1886; decided June 1, 1886.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, made March 5, 1886, which reversed an order of Special Term, directing the issuing of a peremptory writ of *mandamus* requiring defendant, as treasurer of the board of police of the city of New York, to deduct $2 per month from the pay of each member of the police force of said city, and pay the same over to the treasurer of the police relief fund, created by the act (Chap. 486, Laws of 1885). (Reported below, 37 Hun, 511.)

Defendant refused to make the deduction without the consent of the member.

*Edward M. Shepard* and *Charles W. Wetmore* for appellants. In construing a statute insisted to be doubtful the first duty is to find whether the words themselves do not appear, upon attentive examination, to be plain in themselves. (*Newell* v. *People,* 7 N. Y. 97; *Mangam* v. *Brooklyn,* 98 id. 591.) The salary attached to a public office is not "property" and may, at the pleasure of the legislature, be increased or diminished by statute during the term of an incumbent. (*Connor* v. *Mayor, etc.,* 1 Seld. 285, 295, 296; *People* v. *Stevens,* 51 How. Pr. 153; *People* v. *Roper,* 35 N. Y. 639; *People* v. *Devlin,* 33 id. 288; *Smith* v. *Mayor, etc.,* 37 id. 518; *In re N. Y. El. R. R. Co.,* 3 Abb. N. C. 423.) It was not necessary that the policemen from whose salaries the deductions are to be made should be made parties. (High on Extraordinary Legal Remedies, § 440; Wood on Mandamus, note in 2 Johns. Cas. 217, § 50.)

*David J. Dean* for respondent. The compensation of a policeman is a salary in which he has property and of which he may not be deprived against his will. (*People, ex rel. Ryan,* v. *French,* 91 N. Y. 265 ; Const., art. 1, § 6.)

DANFORTH, J.   Whether we look at the precise language of the statute in question (Laws of 1885, chap. 486), or the substance of the matter included in it, we are brought to the conclusion reached by the General Term, that the contribution to the fund created by that act must be voluntary ; that the defendant cannot, against the will of any member of the police force, deduct for its purpose any portion of his pay ; that the relators cannot, without his consent, receive it.

First, its language.  It is entitled an act to create a relief fund in the police department in all cities of this State having, according to the last census, a population exceeding one million. By section second the fund consists of a sum of money equal to $2 per month for each member of the police force of said department and also for each member or employe of the police department, other than the said police force " who shall desire to avail himself of the privileges and provisions of this act, and also for members of the Police Mutual Aid Association of the said department, who, at the time of the passage of this act, are in good standing therein and who shall desire to contribute to the said fund, to be paid monthly by the treasurer of the board of police or commissioner of police of said department to the treasurer of the board of trustees of the police relief fund created by this act, from moneys deducted from the pay of such members of said force or members or employes of said department, and the treasurer of the board of police or commissioner of police of said department is hereby authorized and directed to make such deduction from the pay of the members of said police force as herein provided."

It is evident that three classes of persons, all within the police department, were in the mind of the legislature at the preparation of this act ; first, members of the police force ; second, other members or employes of the department ;  third,

certain members of the Mutual Aid Association of the department; and all these were deemed possible beneficiaries. It is also evident and is conceded by the appellant that the second and third class contribute or not as they please. If they contribute they share in the privileges of the fund, but otherwise, not. They therefore have an election to make a present use of their money, or, by its surrender, secure a future advantage to their appointee or widow or representative. I am unable to find any reason for placing the first class in a less favorable or different position. The prescribed fee is the same. But it is said in behalf of the appellant, that while as to the second and third class the contribution is voluntary, the legislature has made that of the members of the force compulsory, by express direction to the defendant, through whom their pay must come, to make the deduction. But here is the very point of the controversy. Is he to make that deduction, unless the member of the police force, whose pay he holds, " desires to avail himself of the privileges and provisions of the act ? " I think not. Nothing can better express the meaning of the statute than the words quoted. In their natural order, among the clauses of the section where they stand, they qualify and limit the general words which precede them and leave each member of the police force, as well as the other classes there enumerated, to determine for himself whether he will accept the opportunity afforded by the statute and make provision against his death. That is the substance of the statute and its design. The fund created is not for pensions, nor its benefit confined even to the family of the policeman. No one can share in its advantages who has not contributed, and he who has may have the sum accruing upon his death paid to such person as he in writing shall direct. (Act of 1885, *supra*, § 4.) The act is beneficent, but the legislature has not sought to compel any one to accept its terms, and it is, therefore, unnecessary to determine whether they lawfully could or not.

The order appealed from should be affirmed, but without costs.

All concur, except RAPALLO, J., dissenting, and MILLER, J., not voting.

Order affirmed.